UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04632-BFM **Date:** August 26, 2026

**Title:** *Marlon Alejandro Diaz Blanco v. Fereti Semaia et al*

==========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Marlon Alejandro Diaz Blanco filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 14, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto Detention Center. (Pet. ¶ 1.) He entered the United States in December 2022 and was detained by DHS. (Pet. ¶ 10.) Shortly thereafter, Petitioner was released on humanitarian parole with his family. (Pet. ¶¶ 10, 18; ECF 1-4.) Following his release, Petitioner has lived with his family and has strong family and community ties in the Los Angeles area. (Pet. ¶ 4, 21.) Petitioner also applied for asylum. (Pet. ¶ 20.) Petitioner complied with all the conditions of his release, including attending required ICE appointments. (Pet. ¶¶ 2, 18-19.)

On August 6, 2026, Petitioner was detained at his ICE check-in. (Pet. ¶¶ 22-24.) ICE officers did not explain to Petitioner why he was being detained and did not identify any violation of law or release conditions or any changed circumstance. (Pet. ¶ 23.) Petitioner did not receive any pre-detention notice or

hearing to determine whether he posed a flight risk or danger to the community. (Pet. ¶¶ 5, 23, 34.)

Petitioner filed this Petition on August 14, 2026, alleging, among other things, a violation of his procedural due process rights. (Pet. ¶¶ 30, 31, 34.) Respondents did not timely file their Answer, and later communicated to chambers that they did not intend to file any response. The Court thus deems the matter fully briefed and ready for decision.

## II. Analysis

Petitioner argues that his detention violates due process and asks for release. (Pet. ¶¶ 30, 31, 34.) Respondents have indicated that they do not intend to contest the Petition.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Just last month, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that his detention without pre-deprivation process violated his procedural due process rights and that the proper habeas remedy is an order of release. (Pet. ¶¶ 30, 31, 34.) His argument is one that has been accepted by numerous courts in this Circuit, including this one. *See*, *e.g.*, *Mazurov v. Desert Annex Det. Facility*, No. 5:26-cv-02236-BFM, 2026 WL 1365164, at *2-4 (C.D. Cal. May 8, 2026).

Even so, Respondents did not respond to Petitioner's argument. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be

granted based on Respondent's failure to oppose the primary relief sought. *See*, *e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## III. Conclusion

Accordingly, Claim One and Four in the Petition (Pet. ¶¶ 30, 31, 34) is **granted**. Petitioner Marlon Alejandro Diaz Blanco (A# 246-324-296) is ordered immediately released on the parole conditions previously imposed. Respondents are ordered to return to him any documents seized at the time of his arrest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04632-BFM **Date:** August 26, 2026

**Title:** *Marlon Alejandro Diaz Blanco v. Fereti Semaia et al*

==========================================================

Claims Two and Three in the Petition (Pet. ¶¶ 32-33) are denied as moot in light of the relief granted on Claim One.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

**IT IS SO ORDERED**

cc: Counsel of Record

Initials of Preparer: ch